**UNITED STATES of America, Plaintiff,**

**v.**

**Ronald Keith COLLINS, Defendant.**

**Cr. A. No. 76–29.**

United States District Court,
E. D. Kentucky.

Jan. 6, 1977.

Eldon L. Webb, U.S. Atty., James E. Arehart, Asst. U.S. Atty., Lexington, Ky., for plaintiff.

Howell W. Vincent, Covington, Ky., for defendant.

## MEMORANDUM OPINION

SILER, District Judge.

This case was tried by the Court without a jury on September 20, 1976, and was submitted to the Court after the parties provided memoranda on their respective positions. At the trial, the Court granted a judgment of acquittal on Count 1 of the indictment, so the only remaining count before this Court is Count 2, in which the defendant is charged with knowingly and fraudulently concealing from the trustee in bankruptcy and from creditors in the bankruptcy proceedings the fact that as the defendant was a suspended member of the Newport Police Department, reinstatement could result in the defendant's receiving back wages for the period of his suspension and that this fact was material to the question of the defendant's discharge in bankruptcy, in violation of 18 U.S.C. § 152.

On May 7, 1974, the defendant herein was acting as a police officer for the City of Newport and was indicted in this Court in Indictment No. 74–28 at Covington for making a false statement before the federal grand jury. Consequently, on June 13, 1974, an action was filed by the Commonwealth's Attorney in the Campbell Circuit Court in Case No. 12319, requesting removal of Ronald Keith Collins from the Newport Police Department. The only parties in that action were the Commonwealth of Kentucky, the defendant Collins, and three other police officers for the City of Newport. However, the City of Newport was never made a party defendant, although the action was to remove the police officers from their positions as employees of the City of Newport due to the fact that they were under a felony indictment.

The Campbell Circuit Court on September 11, 1974, ordered that the defendants, including Collins, be removed from office and stated in dictum that Collins should be reinstated with back pay if acquitted in his criminal case. Therefore, on September 16, 1974, the defendant, Ronald Keith Collins, was suspended from the Newport Police Department and on the following date, September 17, 1974, an escrow account was established on behalf of Ronald Keith Collins by the City of Newport in which his salary was kept from September 17, 1974, until November 30, 1975, which was close to the time when Collins returned to duty with the Newport Police Department, on December 11, 1975. Collins' criminal trial was continued on several occasions upon his motion until he was tried and acquitted on December 3, 1975. On December 8, 1975, the City of Newport passed a resolution reinstating Collins as a member of the Newport Police Department and awarding him all the back pay which had accrued during his suspension, which was $10,145.00.

In the meantime, however, on August 8, 1975, Collins had filed a petition in bankruptcy in this Court. In that petition under question 10, he made a false or erroneous answer to the question: "Were you a party to any suit terminated within the year immediately preceding the filing of the original petition herein? (If so, give the name and location of the court, the title and

nature of the proceeding, and the result.)" In addition, in Schedule B–2 of his petition, Collins asserted that he had no contingent or unliquidated claims. On September 25, 1975, the first meeting of creditors in Collins' bankruptcy case occurred. At that time, he stated that he did not have any claims against anyone for any amount. On the other hand, when questioned in court, he stated that he had been indicted by a federal grand jury in 1974 and suspended from the police force. The final discharge in bankruptcy occurred on November 21, 1975, and the final order discharging the trustee and closing the estate in the bankruptcy case was filed on February 3, 1976. At no time during the pendency of the bankruptcy case did Collins advise the court that he had this claim for back wages, nor after receiving the back wages, did he inform the trustee or the court.

The first issue for the Court to decide is whether or not this claim of Collins was "property" within the meaning of the statute. "The term [property] has never been given a precise or universal definition." *Kokoszka v. Belford*, 417 U.S. 642, 645, 94 S.Ct. 2431, 2433, 41 L.Ed.2d 374 (1974). Thus, in each case, the Court must analyze the nature of the asset involved in the light of these principles. Following that reasoning, the Court in *Kokoszka v. Belford*, *supra*, held that an income tax refund is "property" under the Bankruptcy Act. Moreover, in *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), it was held that claims for loss-carryback federal income tax refunds constituted "property" under the Act. On the other hand, in *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970), it was held that a bankrupt wage earner's vacation pay, accrued, but unpaid at the time of filing of the petition, does not pass to the trustee in bankruptcy as "property" under the Act. In the latter case, the Court concluded that the vacation pay was closely tied to the bankrupt's opportunity to have a " 'clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.' " *Id.* at 20, 91 S.Ct. at 114, quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934).

Therefore, it appears that these claims must be decided on a case-by-case basis. This Court finds that the claim for past services for Ronald Keith Collins was "property" within the meaning of the Act. However, the word is so ambiguous, in light of these cases cited, that the Court must necessarily pass on to the next issue, that is, whether Ronald Keith Collins knowingly and fraudulently concealed this property from the trustee.

It was said in *United States v. Shapiro*, 101 F.2d 375, 378–379 (7th Cir. 1939):

Omission of any assets from the schedule indicates concealment, but this taken alone is not conclusive. The conduct of the bankrupt, the relative extent of the omission, the character of the asset itself and the reasons given . . . are the other circumstances in every case. If these circumstances explain the omission, there is no concealment. In other words "if the facts show continued concealment," the offense has been consummated. The crime is complete when the act of concealment or transfer is performed with a criminal intent.

In the case at hand, although Collins made what appears to be a false statement in failing to state that he had been a party to a suit which had been terminated in less than twelve months before he filed his petition, and failed to list this potential claim against the City of Newport on his assets of the petition, he nevertheless advised the Court at his appearance that he had been suspended from the police department.[1] It was a contingent claim, to be sure, and the City of Newport was not bound to pay him if he was to be later acquitted on the criminal charge. Therefore, this Court does not find that Ronald Keith Collins knowingly and fraudulently concealed the fact that he

---

1. He was never charged with violating 18 U.S.C. § 152, paragraph two, for knowingly and fraudulently making a false oath or account in relation to a bankruptcy proceeding, so this Court does not pass on that.

might have received back wages from the City of Newport. Knowledge and fraud must be inferred from all circumstances surrounding the case, but, in view of the uncertainty of the law, this Court cannot state that it is convinced beyond a reasonable doubt that Ronald Keith Collins concealed this claim knowingly and fraudulently.

It is possible that under 11 U.S.C. § 33, the bankruptcy court could have revoked the discharge of Collins after learning that Collins had concealed these back wages, if filed within one year after discharge had been granted and if the Court could find that the bankrupt after discharge received property which he knowingly and fraudulently failed to report. The standard of proof in that, being a civil case, would only be a preponderance of the evidence, and perhaps could have readily been met. However, there is nothing in the record at the present to indicate that any application has ever been made to revoke this discharge.

A separate judgment will reflect this decision herein.